IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KEVIN ANTHONY MOORE,

      Plaintiff,

v.                                    CASE NO. 5:14-cv-268-RS-GRJ

MICHAEL HARRIS, et al.,

      Defendants.

_____/

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, a non-prisoner proceeding *pro se*, initiated this case by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (Docs. 1, 2). The Court will grant his motion to proceed *in forma pauperis*, Doc. 2, for the limited purpose of screening his complaint under 28 U.S.C. § 1915(e)(2). For the reasons summarized below, the Court concludes that the case is due to be dismissed and it is unnecessary to require Plaintiff to amend his Complaint.

## Plaintiff's Allegations

Plaintiff's suit arises from his incarceration at the Federal Correctional Institution in Marianna, Florida [hereinafter FCI Marianna]. (Doc. 1 at 3.) Plaintiff was about to be released from his federal prison term in August of 1999 when his case manager, Michael Harris, told him he could not be released until he signed a sex offender registration form. *Id.* Plaintiff claims that Harris mistakenly believed that Plaintiff had a prior state conviction for sexual battery, while Plaintiff had actually pleaded to simple battery. *Id.* When Plaintiff signed the form, he wrote "void" next to his signature and "I disagree" in three places. *Id.* Plaintiff was released on September 17, 1999. *Id.*

Plaintiff thought his annotations on the sex offender registration form would indicate that he was not actually a sex offender. That turned out not to be the case. In 2005 he applied for a contractor's license and was arrested for failing to register as a sex offender. (Doc. 1 at 3.)  The local police department released him after determining that his prior conviction for battery was not for sexual battery. *Id.*  Despite releasing him, the Florida Department of Law Enforcement continued to send him a sex offender registration form every six months along with a warning that failure to register was a third-degree felony. *Id.*  The department also listed Plaintiff's name on its website's list of sex offenders.  *Id.*

Plaintiff states that he attempted to correct the situation by visiting the department and explaining, but he was told that the form he signed in 1999 prevented the department from changing his status. (Doc. 1 at 3.)  He filed a petition in Florida state court in 2005 and an action for declaratory judgment in federal court in 2008, but both were dismissed.  *Id.*

In January of 2010 he contacted the United States Attorney's Office for the Northern District of Florida. *Id.*  He spoke with Assistant United States Attorney Nancy Hess, who removed his registration requirement and took his name off the registry. *Id.* Plaintiff explains that he filed this action because he received new information on June 21, 2014 that permits his Complaint to be brought in this Court. *Id.*   He seeks relief in the form of $2.4 million a year for each year between 2005-2010. *Id.*  Plaintiff previously filed a civil lawsuit in this Court in February of 2010, based on the exact same facts. *See Moore v. Harris*, Case No. 5:10-cv-38-MW-EMT (N. D. Fla. 2010).

**Discussion**

When a plaintiff applies to proceed *in forma pauperis* under 28 U.S.C. § 1915, the Court has the authority to screen the Complaint and dismiss the case at any time if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  Even if a complaint legally states a claim and the facts are not fantastic, a dismissal on grounds of frivolousness may be justified if the district court determines that an affirmative defense would clearly defeat the action.  *Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990).

In this case, the affirmative defense of *res judicata* is clearly applicable.  *Res judicata* bars the filing of claims which were raised or could have been raised in an earlier proceeding.  *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999).  An action is barred by prior litigation if: (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases.  *Schafler v. Indian Spring Maintenance Ass'n*, 139 F. App'x 147, 150 (11th Cir. 2005).

Plaintiff's prior action, *Moore v. Harris*, Case No. 5:10-cv-38-MW-EMT, was dismissed as barred by the four-year statute of limitations for § 1983 actions.  A ruling based on the statute of limitations is a decision on the merits for *res judicata* purposes. *Mathis v. Laird*, 457 F.2d 926, 927 (5th Cir. 1972).  Plaintiff's claim already has been litigated on the merits.  Additionally, the decision was issued by a court with competent

jurisdiction.  This Court, which decided Plaintiff's case in 2010, has subject-matter jurisdiction over civil actions brought under 42 U.S.C. § 1983, and the prior action was a proper claim against state actors for a violation of federal or constitutional law.  *See Moore v. Harris*, Case No. 5:10-cv-38-MW-EMT. Thus, the first two elements of *res judicata* are met.

Furthermore, the parties are nearly identical in both suits.  In this case  Plaintiff lists Mike Harris, Mark A. Henry, the Federal Bureau of Prisons, and FCI Marianna as Defendants.  (Doc. 1.)  In the prior case, Plaintiff named Mike Harris, Mark A. Henry, the Federal Bureau of Prisons, and the United States of America as Defendants. *Moore v. Harris*, Case No. 5:10-cv-38-MW-EMT, Doc. 42.  The only Defendant in this case not named in the prior 2010 case is FCI Marianna.  However, FCI Marianna is not a juridical entity capable of being sued. In any event in this case Plaintiff has sued Mark Henry, the Warden of  FCI Marianna, who also was a named defendant in the prior action  In the 2010 action, the claim against Henry was dismissed as barred by the applicable statute of limitations.

Finally, Plaintiff alleges the same cause of action in this case as he did in the 2010 case.  Two cases are based on the same cause of action if they arise out of the same nucleus of operative facts, or are based upon the same factual predicate. *Ragsdale*, 193 F.3d at 1239.  Both cases concern the incident involving Plaintiff's 1999 release from prison and subsequent signing of a sex offender registration form. Accordingly, Plaintiff's cause of action in this case is precluded by *res judicata* and must be dismissed.

Even if this action was not dismissed pursuant to the principles of *res judicata*, it

would still be barred by the statute of limitations.  Plaintiff's identical 2010 case, brought in this Court, was dismissed as barred by the statute of limitations.  The Eleventh Circuit stated that Plaintiff's cause of action accrued in 2005, when he was arrested for failure to register as a sex offender.  *Moore v. Harris*, Case No. 5:10-cv-38-MW-EMT, Doc. 100.  The statute of limitations, which is four years for a § 1983 action where Florida is the forum state, expired by the end of 2009.  *See Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003).

Plaintiff's claim in this case also is not tolled by *Heck v. Humphrey,* 512 U.S. 477, 489–90 (1994). This issue was addressed by this Court and the Eleventh Circuit in the 2010 case.  Both this Court and the Eleventh Circuit concluded that Heck did not toll the statute of limitations. This Court stated that *Heck* only applies when a criminal judgment is at issue, and the sex offender registry involved in this case is not a criminal judgment but rather a civil and non-punitive regulatory scheme.  *Moore v. Harris*, Case No. 5:10-cv-38-MW-EMT, Doc. 100.

Lastly, Plaintiff says that several legal authorities permit his case to proceed. First, Plaintiff cites the Fifth Amendment, particularly the provision requiring presentment or indictment of a grand jury and the due process clause. (Doc. 1 at 4.) Although Plaintiff alleges a violation of his due process rights, his claim is brought under a § 1983 statutory cause of action, and the Fifth Amendment does nothing to alter the applicable statute of limitations for a § 1983 civil action.  Furthermore, Plaintiff's claim already has been decided on the merits, and the due process clause does nothing to change that decision.

Plaintiff also cites *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir.

1985), *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980), *Rubin v. O'Koren*, 621 F.2d 114,

116 (5th Cir. 1980), and *Matter of Swift*, 129 F.3d 792, 796 (5th Cir. 1997), which each

repeat the unremarkable principle that the statute of limitations begins to run when the

plaintiff knows or has reason to know of the injury which is the basis of his action, or

when he should have discovered it through the exercise of reasonable diligence. The

Eleventh Circuit discussed this issue in Plaintiff's appeal of the 2010 case. The

Eleventh Circuit  determined that Plaintiff's cause of action accrued in 2005 because

Plaintiff's arrest for failing to register as a sex offender would have alerted him to his

injury. *Moore v. Harris*, Case No. 5:10-cv-38-MW-EMT, Doc. 100. In short, Plaintiff's

time limit for filing an action based on this incident ended in 2009, well before the

present case was filed.

Plaintiff also cites *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005), which

establishes that a litigant who seeks equitable tolling must establish (1) that he has

been pursuing his rights diligently, and (2) that some extraordinary circumstance stood

in his way.  As discussed *supra*, the Court has determined that Plaintiff was aware of

his injury in 2005 and thus filing a complaint in 2014 is well beyond the limitations

period.  Plaintiff does not allege any extraordinary circumstance that would have

prevented him from filing for nine years, so he should not be entitled to the remedy of

equitable tolling.

Finally, Plaintiff cites *Bonner v. City of Prichard, AL*, 611 F.2d 1206 (11 th Cir.

1981), presumably for the principle that the district court violated the his due process

rights by dismissing his suit for reasons related to his incarcerated status. If this is the

principle Plaintiff references, it is not applicable to this situation.  First, Plaintiff is not a

prisoner and did not have his suit dismissed for the same reasons as the plaintiff in *Bonner*.  Plaintiff's case is distinguishable because his suit was dismissed because it was filed outside the four-year statute of limitations.  Additionally, although Plaintiff alleges his due process rights were violated, he claims that the violation was from the FCI Marianna employee forcing him to sign the sex offender registration form, not from dismissal of this suit or the 2010 action.  In conclusion, none of the authorities cited by Plaintiff support his ability to overcome either the statute of limitations for a § 1983 action or *res judicata*.

Pursuant to 28 U.S.C. § 1915(e)(2), the Court can dismiss the Complaint at any point if it is deemed frivolous.  Ordinarily, "[i[f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend "should be freely given."  *See* Fed. R. Civ. P. 15(a). Under *Foman*, however, a district court may properly deny leave to amend the complaint when such amendment would be futile.  *Foman*, 371 U.S. at 182.  Plaintiff has not been directed to submit an amended complaint because it is clear that Plaintiff's claim on these facts will be barred by both *res judicata* and the applicable statute of limitations, and any amendment would be futile.

Accordingly, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**, and it is respectfully **RECOMMENDED** that this case be **DISMISSED** with prejudice pursuant to 28 U.S.C. 1915 § (e)(2) because it fails to state a claim upon which relief may be

*Case. No. 5:14-cv-268-RS-GRJ*

granted.

**IN CHAMBERS** this 20th day of October 2014.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge


**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.